David J. SCOTT, Plaintiff–Appellant,

v.

Philip BAIR, Defendant–Appellee.

Patrick CHURCHILL, Defendant.

No. 01–1625.

United States Court of Appeals, Sixth Circuit.

Jan. 8, 2003.

Before GUY and BOGGS, Circuit Judges; and EDMUNDS, District Judge.[*]

PER CURIAM.

Plaintiff–Appellant David Scott. an inmate in the Michigan Department of Corrections prison system, appeals the district court's grant of summary judgment based on qualified immunity to Defendant–Appellee, Philip Bair. Scott sued four Michigan correctional personnel. Philip Bair, Judy Gowing, Patrick Churchill, and Terry Maniez, in their individual capacities, alleging that the defendants violated his First and Eighth Amendment rights in violation of 42 U.S.C. Section 1983. Specifically Scott claimed that Bair issued a misconduct citation against him on July 7, 1995, in retaliation for Scott's filing a grievance against Bair the previous day and that defendants conspired to issue the retaliatory misconduct citation and used excessive force on him.

On August 28, 1997, the district court granted summary judgment to all four defendants, finding an absence of evidence to support Scott's claims. That order initially was upheld on appeal in its entirety.

Scott v. Churchill, No. 97–2061, 1999 WL 1206937 (6th Cir. December 29, 1999)(unpublished disposition)("Scott I"). Scott, however, petitioned the court for a rehearing. This court granted Scott's petition and, upon reconsideration, found that Bair had not met his initial burden of showing an absence of evidence to support Scott's retaliation and conspiracy claims. (J.A. 129); Scott v. Churchill, No. 97–2061, 2000 WL 519148 (6th Cir. April 6, 2000)(unpublished disposition)("Scott II") This court therefore vacated the district court's grant of summary judgment to Bair on those claims, affirmed the remainder of the court's decision as to the other defendants, and remanded the matter for further proceedings as to Bair. (Id.)

On March 29, 2001, the district court issued an order holding that Bair was entitled to summary judgment based on qualified immunity. (J.A. 54) The court concluded that the established standard at the time of Bair's alleged retaliatory acts required Scott to show that Bair's conduct "shocked the conscience." (J.A. 61–62) The court found that Scott could not meet this burden. The court further dismissed Scott's civil conspiracy claim, finding that it added nothing to his First Amendment claim because it neither expanded the scope of individuals who could be held liable nor was necessary to satisfy Section 1983's "color of state law" requirement. (J.A. 63)

On October 17, 2002, a panel of this Court decided Bell v. Johnson, 308 F.3d 594 (6th Cir.2002). The issue presented by Scott, and resolved in Bell, is the applicability of the "shocks the conscience" standard to prisoner First Amendment retaliation claims alleging conduct in 1995. The Bell Court held that "[t]he clear weight of

---

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan. sitting by designation.

published authority in this circuit in 1994 directed courts not to apply the 'shocks the conscience' standard to inmate retaliation claims expressly raised under the First Amendment." *Id.* at 608. The court concluded that as early as 1989, the applicable standard for evaluating an adverse action undertaken in retaliation for an individual's exercise of his or her First Amendment rights is whether "it is capable of deterring a person of ordinary firmness from exercising [such] rights...." *Id.* at 609–11.

In light of *Bell,* we REVERSE the district court's decision, and REMAND to the district court for reconsideration.